**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELODY KEMSLEY, an individual, | No. 19-55856 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00067-RGK-MAA |
| v. | |
| MEGAN J. BRENNAN, Postmaster General of the United States Postal Service, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted November 19, 2020
Pasadena, California

Before: PAEZ and VANDYKE, Circuit Judges, and IMMERGUT,** District Judge.

Plaintiff Melody Kemsley appeals the district court's order granting Defendant's motion to dismiss for failure to state a claim under Title VII. We review the grant or denial of a motion to dismiss de novo. *Los Angeles Lakers, Inc. v. Fed.*

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Karin J. Immergut, United States District Judge for the District of Oregon, sitting by designation.

*Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). We review the district court's dismissal with prejudice for abuse of discretion. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013).

The availability of protection under Title VII's "participation clause" requires "the underlying discrimination … be reasonably perceived as discrimination prohibited by Title VII." *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988). The district court properly concluded that Kemsley's EEOC complaint's claim that she was fired for identifying leave-use violations did not qualify as "protected activity" under Title VII's broad categories of race, color, religion, sex, or national origin. 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a).

Kemsley now maintains that her complaint noted that her EEOC action was not entirely predicated on the leave-use violations, but rather leave-use violations "among other things." Acknowledging this aspect of her complaint "admittedly lack[s] specificity," Kemsley's brief on appeal still does not disclose exactly what those "other things" are, and insists Kemsley should have been given leave to amend. Because the record before both this court and the district court is completely devoid of any specific claimed protected activity, the district court did not abuse its discretion in dismissing with prejudice. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008) ("Appellants fail to state what additional facts they would plead if given leave to amend .... Accordingly, amendment would be futile."). "A

2

plaintiff may not in substance say 'trust me,' and thereby gain a license for further amendment when [provided] prior opportunity" to explain those facts. *Salameh*, 726 F.3d at 1133 (finding no abuse of discretion to deny leave to amend where plaintiff failed to identify facts that could cure deficiencies). The district court properly dismissed Kemsley's complaint with prejudice.

**AFFIRMED**.